## United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**      Docket No.     __CR14-212(A)-CAS__

**Defendant**    Derek Wai Hung Tam Sing

akas:    None

Social Security No.   3    3    9    9

(Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|-------|-----|------|
| **June** | **6** | **2016** |

| | |
|---|---|
| **COUNSEL** | **Mark Werksman, Retained; Melissa Weinberger, Retained** |

(Name of Counsel)

| | |
|---|---|
| **PLEA** | [ ] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [X] **NOT GUILTY** |

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Unauthorized Transmission and Attempted Transmission of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(2),(a)(4) as charged in Count 1 of the First Superseding Indictment; Unauthorized Transmission and Attempted Transmission of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(2),(a)(4) as charged in Count 10 of the First Superseding Indictment; Unauthorized Transmission and Attempted Transmission of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(2),(a)(4) as charged in Count 21 of the First Superseding Indictment; Unauthorized Transmission and Attempted Transmission of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(2),(a)(4) as charged in Count 26 of the First Superseding Indictment; Unauthorized Possession and Attempted Possession of Trade Secrets in violation of 18 U.S.C. §§ 1832(a)(3),(a)(4) as charged in Count 30 of the First Superseding Indictment

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Derek Wai Hung Tam Sing, is hereby committed on Counts 1, 10, 21, 26, and 30, of the First Superseding Indictment to the custody of the Bureau of Prisons for a term of **TWELVE (12) MONTHS AND ONE (1) DAY.**  This term consists of TWELVE (12) MONTHS AND ONE (1) DAY on each of Counts 1, 10, 21, 26, and 30 of the First Superseding Indictment, to be served concurrently.

It is ordered that the defendant shall pay to the United States a special assessment of $500.00, which is due immediately.  Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25.00 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years.  This term consists of three (3) years on each of Counts 1, 10, 21, 26, and 30 of the First Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

1.     The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

USA vs.   Derek Wai Hung Tam Sing                    Docket No.:   CR14-212(A)-CAS

2.    The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed eight (8) tests per month, as directed by the Probation Officer.

3.    The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using alcohol and illicit drugs and from abusing prescription medications during the period of supervision.

4.    During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5.    The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

6.    During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7.    The defendant shall cooperate in the collection of DNA sample from the defendant.

8.    As directed by the Probation officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependancy and mental health needs to the aftercare contractors during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court authorizes the Probation Office to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence Report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.
It is further ordered that the defendant surrender himself to the institution designated by the Bureau of

USA vs. Derek Wai Hung Tam Sing                    Docket No.:   CR14-212(A)-CAS

Prisons at or before July 7, 2016, at 12 noon.  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.

Defendant is informed of his right to appeal.

The Court hereby recommends that defendant be designated to a BOP facility located in Southern California.

The Court hereby orders $500.00 belonging to and deposited by or on behalf of the defendant with the Court for the purposes of a criminal appearance bail bond to be applied to the payment of the special assessment, pursuant to 28 U.S.C. § 2044.  The remaining bond shall be exonerated upon surrender.

The Court further orders that defendant be permitted to travel to San Antonio, TX on June 13, 2016 for the purposes of appearing in his divorce court proceedings.  Defendant shall provide Pretrial Services with his flight information and itinerary so that he may be monitored.  Defendant shall return within 48 hours and check in with his Pretrial Officer within 24 hours of his return.

The Court hereby GRANTS in part and DENIES in part defendant's Motion to Vacate Multiplicatus Counts (Dkt. No. 108) filed on January 28, 2016.  Counts 2-9, 11-20, 22-25, 27-29, and 31-33, are hereby dismissed with prejudice.

The underlying indictment is hereby dismissed.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

June 8, 2016
_____
Date

_Christina A. Snyder_

_____
Christina A. Snyder, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

June 8, 2016
_____
Filed Date

By     /s/ Connie Lee
_____
Deputy Clerk

USA vs.   Derek Wai Hung Tam Sing                    Docket No.:   CR14-212(A)-CAS

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;

16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence (pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   Derek Wai Hung Tam Sing                                    Docket No.:   CR14-212(A)-CAS

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date                                                     Deputy Marshal


## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____
Filed Date                                               Deputy Clerk


## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____       _____
            Defendant                                        Date


_____       _____
U. S. Probation Officer/Designated Witness        Date