O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEREK WAI HUNG TAM SING,      ) Case Nos. CR 14-212-CAS
                               )           CV 19-909-CAS
         Defendant/Petitioner, )
    v.                         )
                               ) **ORDER**
UNITED STATES OF AMERICA,      )
                               )
         Plaintiff/Respondent. )
                               )
                               )
                               )

I.  INTRODUCTION AND BACKGROUND

On January 4, 2016, defendant/petitioner Derek Sing ("petitioner") was convicted of four counts of transmission and one count of possession of trade secrets belonging to his former employer, Rogerson Kratos ("RK"), in violation of the Economic Espionage Act, 18 U.S.C. § 1832(a)(2)-(a)(4).[1]  Dkts. 102 ("Findings"), 126.  At trial, the

---

[1] Petitioner's criminal case was assigned case number 14-cr-212.  Unless otherwise noted, all citations refer to petitioner's criminal docket.

-1-

government presented evidence of RK's trade secrets and other documents which were found on petitioner's computer and on his USB flash drive, and in paper documents throughout petitioner's house. Findings ¶ 70. Law enforcement seized these items during two searches of petitioner's homes, pursuant to two search warrants. Id.; see also Dkt. 178, Ex. F at 601–726. At trial, petitioner admitted to taking and mailing RK's property to its competitors, and he expressly testified that, in preparing the trade secrets that he mailed to RK's competitors he "wanted to get back at Rogerson Kratos" for not fully appreciating his work while he was an employee. Findings ¶ 44. RK's employees and its competitor's employee, who received the materials, testified to the value and importance of the materials that petitioner sent. See, e.g., id. ¶ 66 (a competitor of RK testified that he felt that he had received the "crown jewels" of RK).

On June 6, 2018, petitioner was sentenced to 12 months and a day of imprisonment and 3 years supervised release. Dkt. 126. The Ninth Circuit affirmed petitioner's convictions on September 4, 2018. United States v. Sing, 736 F. App'x 184, 185 (9th Cir. 2018).

On February 6, 2019, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 169. On March 6, 2019, petitioner also filed a motion for access to official discovery, dkt. 176; on June 14, 2019, petitioner filed a request for "substantive case-related communications regarding [petitioner's] personal memories," dkt. 183; on June 19, 2019, petitioner filed a "request for grand jury court transcripts and evidence used to get [petitioner's] indictment," dkt. 182; and on July 3, 2019, petitioner filed "a request for all substantive case-related communications regarding Precision Engine Controls Corporation," dkts. 184, 187. The government opposes all motions.

These matters are currently before the Court. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. MOTION FOR ACCESS TO OFFICIAL DISCOVERY

Petitioner seeks "access to official discovery" in order to "find more legal issues with the 9th Circuit's case against Sing." Dkt. 176 ("Access Mot.") at 1. He presents no legal authority in support of his request, and he does not specify what discovery, in particular, he seeks.

The government responds that petitioner already has access to all discovery in this matter. Dkt. 177 ("Access Opp'n") at 3. Petitioner possesses the non-confidential discovery in this case, and petitioner may review the discovery which the Count placed under two protective orders—due to the proprietary and confidential nature of the documents—in the presence of his defense counsel. Id.; see also Dkts. 17, 81. Although petitioner challenges his sentence *pro se*, the Court appointed counsel to assist petitioner in accessing these materials. Dkt. 167. The government represents that petitioner has already availed himself of this protocol and reviewed two confidential documents in the presence of his counsel. Access Opp'n at 2. Accordingly, petitioner's motion for access to official discovery is **DENIED** as moot.

### III. MOTIONS FOR DISCOVERY

On June 13, petitioner filed a request for substantive case-related communications regarding Power Efficiency Corporation, dkt. 184 ("PEC Mot."); on June 14, 2019, petitioner filed a request for "substantive case-related communications regarding [petitioner's] personal memories," dkt. 183 ("Comm. Mot."), and on July 3, 2019, petitioner filed "a request for all substantive case-related communications regarding Precision Engine Controls Corporation," dkt. 187 ("PRECC Mot."). Petitioner seeks *inter alia* "AUSA notes, e-mails, text messages, and voice mails;" "all communications between (a) prosecutors and agents; (b) prosecutors and victims/witness; (c) agents and victims/witnesses; (d) the victim-witness coordinator and victims/witnesses; and (e) case agents and other agents or supervisors;" "factual discussions of the relevant merits of the evidence;" and "communications involving case impressions or investigative/prosecutorial strategies." Comm. Mot. at 1; PRECC Mot. at 1. In his opening motions, petitioner does not identify any relevant claims which he would

substantiate with the requested discovery. In his joint reply, petitioner claims that the requested discovery will demonstrate that prosecutorial misconduct occurred in his case. Dkt. 188 ("Disc. Reply") at 1. In response, the government argues that petitioner has received all discovery to which he is entitled, and that petitioner has failed to demonstrate his entitlement to additional discovery under Rule 6 of the Rules Governing § 2255 Proceedings. Dkt. 187 ("Disc. Opp'n").

A petitioner filing a motion for habeas corpus is not entitled to discovery as a matter of right. Harris v. Nelson, 394 U.S. 286, 295 (1969). Rather, under Rule 6 of the Rules Governing § 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rules Governing Section 2255 Proceedings, r. 6(a) (2010). "Good cause requires the identification of a properly-pleaded claim containing specific allegations, and a showing that the proposed discovery will be relevant to developing the foundation for that claim." Cain v. Woodford, No. CV 96-2584 ABC, 2002 WL 35634514, at *2 (C.D. Cal. Sept. 24, 2002) (citing Bracy v. Gramley, 520 U.S. 899, 909 (1997); Calderon v. United States Dist. Court (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996)).

The Court finds that petitioner has not demonstrated that he is entitled to discovery under Rule 6. Although petitioner alleges that prosecutorial misconduct may have occurred in this case, he fails to substantiate the claims and the Ninth Circuit has held that, for a habeas motion, "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." Calderon, 98 F.3d at 1106. Here, while petitioner states that the AUSA made "misleading statements in the discovery and refute[d] them later," he presents no evidence in support of his assertion. Disc. Reply at 1–2, 6. Similarly, while petitioner contends that he was subject to an illegal search, id. at 2, the government has produced the two warrants which were issued by the Honorable Suzanne H. Segal, United States Magistrate Judge, and Honorable Stephen J. Hillman, United States Magistrate Judge in advance of the searches. See Dkt. 178, Ex. F at 601–726. While petitioner disagrees with the Court's conclusions regarding the evidence

offered against him and the credibility of the witnesses who testified against him, those contentions do not indicate wrongdoing by the prosecutors. Reply at 3–4. Petitioner's motions for discovery are therefore **DENIED**.[2]

## IV. MOTION TO UNSEAL GRAND JURY TRANSCRIPTS

Petitioner also moves to unseal the grand jury transcripts. Dkt. 182 ("Jury Mot."). He suggests, with no evidentiary support, that the prosecutors in this case "most likely" made misleading statements in the grand jury proceeding. Reply at 1.

Under Federal Rule of Criminal Procedure 6(e)(3)(E), a court may authorize disclosure of grand jury transcripts, according to the time, manner, and conditions that it directs, "in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Pro. 6(e)(3)(E). The Supreme Court has consistently interpreted this rule to "require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983); see also Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979). To establish a "particularized need" for grand jury materials, parties must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." United States v. Caruto, 627 F.3d 759, 768 (9th Cir. 2010) (quoting Douglas

---

[2] The Court also notes that multiple discovery requests made by petitioner, for example, the request for "communications involving case impressions or investigative/prosecutorial strategies," would be protected by the work product privilege. Am. Civil Liberties Union of N. California v. United States Dep't of Justice, 880 F.3d 473, 484 (9th Cir. 2018) (explaining that the work product privilege "shield[s] from discovery materials prepared 'with an eye toward the anticipated litigation' [because it] protects the integrity of adversarial proceedings by allowing attorneys to prepare their thoughts and impressions about a case freely and without reservation").

Oil, 441 U.S. at 222). The determination to disclose grand jury materials is committed to the sound discretion of the district court. Id. at 223. Still, "when disclosure is permitted, it is to be done 'discretely and limitedly.'" Dennis v. United States, 384 U.S. 855, 869 (1966).

Petitioner has not carried his burden in demonstrating a "particularized need" for the requested grand jury testimony. While petitioner suggests that prosecutors may have made misleading statements during the grand jury proceeding, he provides no support for the contention. The law is clear that "[m]ere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835–36 (9th Cir. 1980) (internal quotation marks and citation omitted); United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) ("[N]o grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.") (quotation omitted). Petitioner's motion is therefore **DENIED**.

## V. MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE

On February 6, 2019, petitioner also filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Dkt. 169 ("Vacate Mot."). He argues that (1) the government violated his Fourth Amendment rights when it searched his home; (2) that the evidence presented at trial did not prove the elements of the Economic Espionage Act, 18 U.S.C. § 1832(a)(2)-(a)(4); (3) that his sentence is incorrect because the Court miscalculated the loss amount; (4) that RK is "a company with no ethics;" and (5) that petitioner received the ineffective assistance of counsel. See generally id. On May 10, 2019, the government opposed petitioner's motion, dkt. 178 ("Vacate Opp'n"), and on June 6, 2019, petitioner filed a reply, dkt. 181 ("Vacate Reply").

### A. Plaintiff's Claims Challenging his Conviction and his Sentence

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963). A § 2255 motion may be resolved without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

As a preliminary matter, the Court first finds that petitioner is barred by procedural default from claiming that the government violated his Fourth Amendment rights when it searched his home; that the evidence presented at trial did not establish that RK's documents were adequately protected and that the "intent to convert" requirement was satisfied pursuant to § 1832; that his sentence is incorrect because the Court miscalculated the loss amount; and that RK is "a company with no ethics." "Habeas review is not to substitute for an appeal." United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007). "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." United States v. Nagra, 147 F.3d 875, 882 (9th Cir. 1998). "Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Accordingly, "[a] § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). An exception applies, however, where a petitioner shows cause for procedural default because "the claim rests

upon a new legal or factual basis that was unavailable at the time of direct appeal." Braswell, 501 F.3d at 1150.

Here, petitioner could have raised the aforementioned claims on direct appeal but did not. Accordingly, because he has not presented any justification for the default or attempted to demonstrate cause and prejudice, the Court concludes that petitioner is procedurally barred from raising these issues for the first time by way of a § 2255 motion. See United States v. Frady, 456 U.S. 152, 168 (1982). Specifically regarding petitioner's challenge to his sentence, in which he contends that the Court miscalculated the loss that RK suffered as a result of petitioner's conduct, petitioner is also barred because petitioner asserts an unconstitutional sentencing error. United States v. Simental, No. 2:15-CR-00002-CAS, 2017 WL 3197216, at *3 (C.D. Cal. July 25, 2017) (citing United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994)) (allegations of non-constitutional sentencing errors, when not directly appealed, are not generally reviewable by means of a § 2255 petition).

The Court similarly finds that petitioner is barred from asserting claims that the evidence failed to demonstrate that the proprietary information which petitioner shared with RK's competitors had value. See Vacate Mot. at 12–19. "The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." Harris v. United States, No. 2:12-CR-01085-CAS, 2017 WL 5633024, at *2 (C.D. Cal. Nov. 20, 2017), appeal dismissed, No. 17-56917, 2018 WL 1418186 (9th Cir. Feb. 7, 2018) (citing Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972)). The bar against relitigating issues in a § 2255 proceeding that were already raised and rejected on direct appeal is an application of the law of the case doctrine. See United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012) ("A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine."). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988).

"For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (quotation omitted). In addition, a court may depart from the law of the case if "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced" in a subsequent proceeding. Gonzalez v. Arizona, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc) (internal quotation marks and citation omitted).

      Counsel for petitioner raised arguments at trial about the value of the proprietary information that petitioner admitted to mailing to RK's competitors, and petitioner raised this issue on direct appeal. This Court concluded that the evidence supported the conclusion that the proprietary materials disseminated by petitioner to RK's competitors had value, Findings ¶¶ 71–76, and the Ninth Circuit did the same, Sing, 736 F. App'x at 185 ("While Sing contends that the schematics at issue contained outdated, flawed, and incomplete information, the government was not required to show that each schematic, standing alone, could be translated directly into commercially viable products or services by a competitor. . . . Here, the district court reasonably inferred from the evidence at trial that the information contained in the charged schematics allowed RK to maintain a competitive advantage in its industry that would have been lost if the information were disclosed to others."). In the time since the Ninth Circuit affirmed petitioner's conviction, no new contrary and controlling precedent has been handed down, and no new evidence has been adduced.[3] The Court also does not find the conclusions to be

---

[3] In his reply brief, petitioner occasionally states that "new evidence which exonerates SING has been introduced thru out [sic] this case." See, e.g., Vacate Reply at 6; 7. However, petitioner has not presented the Court with new evidence, nor does he explain what the evidence is and how the evidence establishes actual innocence. Accordingly, the Court finds that the law of the case doctrine still applies here. Gonzalez,

clearly erroneous. Accordingly, in light of the Ninth Circuit's ruling on direct appeal, petitioner's claim is barred.

### B. Petitioner's Claim of Ineffective Assistance of Counsel

Throughout his motion, plaintiff also appears to assert an ineffective assistance of counsel claim. In particular he argues that "both defense attorneys . . refused to listen to SING and decided their own course of action and strategy in this case." Vacate Reply at 7; see also id. at 8, 46. In particular, petitioner argues that defense counsel's choice not to admit an "electronic design technical report" created by petitioner prejudiced him because, had they admitted the report, it would have demonstrated his innocence by "immediately disqualify[ing] any claims of a value or benefit conferred to another for within the RK schematics." Id. at 15. Petitioner also argues that his defense counsel improperly failed to bring a motion to suppress. Vacate Reply at 7 ("It clearly exonerates SING as there is no legal evidence for this case because the search warrant was too broad, too vague, and invalid.").

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under § 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S.

677 F.3d at 390 n.4; see Larsen v. Soto, 742 F.3d 1083, 1088 (9th Cir. 2013) (quoting House v. Bell, 547 U.S. 518, 536–37 (2006)) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'").

688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied, and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the Court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's § 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

The Court finds that petitioner fails to demonstrate that his Sixth Amendment right to counsel was violated due to the ineffective assistance of his counsel. Petitioner first fails to demonstrate that the professional judgments of his defense counsel fell below an objective standard of reasonableness. Importantly, petitioner's assertion that he disagreed with defense counsel's strategy does not support an ineffective assistance of counsel claim. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984) ("A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel."); Gustave v. United States, 627 F.2d 901, 904 (9th Cir.

1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation."). With regard to the report that petitioner discusses, petitioner fails to demonstrate that the alleged report was dispositive in this case. While petitioner asserts that it would have established that the proprietary information that petitioner disseminated to RK's competitors lacked value, testimony at trial was to the contrary. Deferring to the decisions of counsel as it must, Quintero-Barraza, 78 F.3d at 1348, the Court concludes that counsel could have had valid tactical reasons to exclude it, see, e.g., Aguilar v. Ryan, No. CV-08-1650-PHX-FJM, 2009 WL 2970621, at *8 (D. Ariz. Sept. 11, 2009) (denying a prisoner's claim that his counsel's failure to admit police reports to impeach an officers' testimony was ineffective assistance because it could have been a valid tactical decision).

In addition, "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). Rather, where a petitioner's ineffective assistance of counsel claim is based on his defense counsel's failure to litigate a Fourth Amendment claim, the petitioner must prove "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Id. at 375. Here, petitioner contends that he did not consent to a search of his home, that law enforcement seized documents and items which fell outside the authorization of the warrant, and that the plain view doctrine did not apply. Vacate Mot. at 1–3. However, while petitioner appears to focus on the "items to be sized" section of the second warrant issued, see dkt. 178, Ex. F at 601, he appears to ignore that the first warrant issued more broadly permitted the seizure of documents, records, programs, and other materials related to petitioner's employment at RK, id. at 615–17; see also Vacate Opp'n at 13 (explaining that law enforcement obtained a second search warrant after discovering that it had inadvertently left a CD at the residence during the first search of petitioner's home). Accordingly, the Court finds that petitioner does

not assert a meritorious Fourth Amendment claim, and that petitioner's defense counsel were not ineffective in failing to bring a motion to suppress.

Even had defense counsel failed to exercise reasonable professional judgment in this case, the Court concludes that petitioner failed to demonstrate there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. At trial, petitioner admitted to mailing RK's property to its competitors, and he expressly testified that, in preparing the trade secrets that he mailed to RK's competitors he "wanted to get back at Rogerson Kratos" for not fully appreciating his work while he was an employee. Findings ¶ 44. RK's employees and its competitor's employee, who received the materials, testified to the value and importance of the materials that petitioner sent. See, e.g., id. ¶ 66 (a competitor of RK testified that he felt that he had received the "crown jewels" of RK). In light of this strong evidence of petitioner's guilt presented by the government, the Court concludes that petitioner was not prejudiced by the tactical decisions of his counsel. Accordingly, because petitioner fails to demonstrate both that his defense counsel failed to exercise reasonable professional judgment and that he was prejudiced, the Court finds that petitioner was not deprived of his right to effective assistance of counsel.

The Court therefore **DENIES** petitioner's motion to vacate, set aside or correct his sentence.

## VI. CONCLUSION

In accordance with the foregoing, the Court **DENIES** petitioner's motion for access to official discovery as moot.

The Court **DENIES** petitioner's request for substantive case-related communications regarding Power Efficiency Corporation.

The Court **DENIES** petitioner's request for substantive case-related communications regarding [petitioner's] personal memories.

The Court **DENIES** petitioner's request for all substantive case-related communications regarding Precision Engine Controls Corporation.

The Court **DENIES** petitioner's motion to unseal grand jury transcripts.

The Court **DENIES** petitioner's motion to vacate, set aside, or correct petitioner's sentence.

**IT IS SO ORDERED.**

DATED: August 19, 2019

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE